IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a/k/a FANNIE MAE, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:13-cv-1091-K-BN |
| JACQUELYN J. SMITH, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Federal National Mortgage Association ("Fannie Mae" or "Plaintiff") brought forcible detainer action against Defendants Jacquelyn J. Smith and James T. Simmons ("Defendants"), involving real property located in Desoto, Texas (the "Property"), in Texas state court. *See* Dkt. No. 3; Dkt. No. 8-1 at 6 & Ex. 1. Fannie Mae purchased the Property on February 1, 2011 at a non-judicial foreclosure sale that was conducted as a result of the mortgagor's failure to make required monthly payments. *See* Dkt. No. 6-1 at 6. Plaintiff alleges that Defendants are the former owners of the Property, who remained after the foreclosure of the Property. *See id.* Plaintiff received

a judgment for possession of the Property, and Defendants filed an appeal to the County Court at Law No. 3 in Dallas County. *See id.* at 6 & Ex. 2. Plaintiff received a final judgment for possession on November 15, 2012, *see id.* at Ex. 5, but Defendant Smith, proceeding *pro se* and joined by Defendant Simmons, filed a notice of removal on March 14, 2013, removing this civil action from County Court at Law No. 3, of Dallas County, Texas, to federal district court, where it was docketed as Case No. 3:13-cv-1091-K, *see* Dkt. No. 3.

After reviewing the notice of removal, the undersigned determined that the removal papers were deficient in that Defendant Smith failed to attach to the Notice of Removal a copy of all process, pleadings and orders served on Defendants in the state court action. The undersigned also *sua sponte* questioned whether removal is proper. As a result, the undersigned entered an order explaining that no facts were alleged to "show that either federal question jurisdiction or diversity jurisdiction is proper" but granting Defendants "an opportunity to establish that federal jurisdiction is proper" by "filing (1) a copy of all process, pleadings, and orders served on Defendants in the state court action; (2) evidence to establish that the value of the right to occupy or possess the property at issue in the underlying eviction proceeding exceeds $75,000; and (3) evidence or facts to establish that federal question jurisdiction exists." Dkt. No. 6 at 2, 6. The undersigned also invited Plaintiff to advise the Court in writing whether it objected to removal and would move for remand based on Defendant Smith's allegations of Texas citizenship or on any other procedural or jurisdictional grounds. *See id.* at 7.

Defendants filed a response to the undersigned's order, refusing to file a copy of the process, pleadings, and orders served on them in the state court action and stating that the value of their home exceeds $75,000. *See* Dkt. No. 7 at 1, 3. Plaintiff filed its motion to remand on April 3, 2013, arguing that remand is appropriate. *See* Dkt. No. 8 at 1; Dkt. No. 8-1 at 6. While Defendants have not filed a response to Plaintiff's motion to remand, the undersigned determines that remand is appropriate based upon the motion to remand and Defendants' response to the undersigned's order. Any response to the motion to remand would not change the determination that remand is required, at the least, based on the forum-defendant rule, as discussed below.

**Legal Standards and Analysis**

Plaintiff seeks to remand this case because (1) Defendant Smith's notice of removal is untimely; (2) Defendant Smith's contention that federal question jurisdiction exists is flawed; (3) Defendant Smith's removal contravened the forum-defendant rule; and (4) Defendant Smith failed to meet her burden to establish that diversity jurisdiction exists. *See* Dkt. No. 8-1 at 8-14. The undersigned concludes that Defendants have failed to meet their burden to establish that federal jurisdiction exists over Fannie Mae's forcible detainer action and that the case's removal contravenes Section 1441(b)'s forum-defendant rule.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is

limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

As an initial matter, Defendants are required under 28 U.S.C. § 1446(a) to file with their notice of removal, "a copy of all process, pleadings, and orders served upon such defendant or defendants in [the State court] action." 28 U.S.C. § 1446(a). While failing to do so is not a jurisdictional defect warranting dismissal if it is remedied, *see James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.,* 499 F. Supp. 2d 710, 711–12 & n. 1 (E.D. Tex. 2007), Defendants here failed to remedy the defect in the face of a Court order to do so, *see* Dkt. No. 6 at 6. While the undersigned notes that Defendants' failure to comply with the undersigned's order can warrant remand, the undersigned will not recommend remand on that ground alone. As discussed more fully below, remand is also required because Defendants' removal contravened the forum-defendant rule and, moreover, the Court lacks subject matter jurisdiction.

Plaintiff seeks remand on a number of bases, and even without Defendants' response to Plaintiff's Motion to Remand, the undersigned finds remand to be appropriate on the basis of the forum-defendant rule, as Plaintiff asserts. *See* Dkt. No.

8-1 at 12. Defendant Smith has represented that she is a citizen of Texas – the same state where Plaintiff filed the underlying eviction proceeding. *See* Dkt. No. 3 at 3. An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is defective). Accordingly, the case should be remanded for this reason alone. As discussed more fully below, however, the undersigned also concludes that the Court lacks subject matter jurisdiction because the amount-in-controversy requirement was not met and no federal question jurisdiction exists.

Defendant Smith's Notice of Removal and Response to the undersigned's Show Cause Order assert that this Court has jurisdiction under the diversity statute. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

Defendants allege that the "object of this litigation – Defendants' Property – is currently appraised for more than $140,000." Dkt. No. 7 at 3. Although Defendants suggest that the undersigned's ordering them to respond within ten days gave them

too little time, their response makes clear that they rely solely on the value of the property at issue. *See id.* Despite the undersigned's prior explanation in this case, *see* Dkt. No. 6 at 2, Defendants misunderstand the amount-in-controversy requirement in this context. The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g., Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012) (citing cases). The only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the property at issue, not that property's fair market value. And, here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the property or that the right exceeds $75,000. Defendants' allegations regarding the property's market value are insufficient for purposes of satisfying the amount in controversy. Accordingly, the undersigned determines that Defendants have failed to satisfy their burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

As grounds for removal, Defendant Smith's Notice of Removal also invoked federal question jurisdiction and alleged that "[t]his court has jurisdiction over this matter as it involves *federal questions and issues* ... the taking of real property without due process, violating federal rules and laws." Dkt. No. 3 at 2. Defendant Smith's Notice of Removal indicates that she intends to litigate these alleged federal law issues in this case. *See id.*

But Defendants have not established federal question jurisdiction under 28

U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Defendant Smith's removal papers and response to the undersigned's order are not entirely clear as to what she claims constitutes the federal question or questions at issue.

At worst, Defendants appear to insist that this Court should sit in judgment of whether the state courts below properly exercised jurisdiction over Plaintiff's forcible detainer action in issuing any final order in Plaintiff's action. *See* Dkt. No. 7 at 2-4. To the extent that there is a final state-court judgment that Defendants seek to have this Court review and reject, that is something that this Court lacks jurisdiction to do. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 291-92 (2005); *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011); *see also Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("Absent specific law otherwise providing, [the *Rooker-Feldman*] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." (footnotes omitted)). Even if the *Rooker-Feldman* doctrine did not preclude jurisdiction,

short of any valid claim of exclusive federal jurisdiction or complete federal preemption – which, as explained below, is absent here – Defendants' allegations regarding the state courts' jurisdiction still provide no basis for federal question jurisdiction because they raise only issues of state law. *See Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

At best, it appears that Defendants allege a federal question based upon a defense and/or a counterclaim that they seek to litigate in response to Plaintiff's state court forcible detainer action. *See* Dkt. No. 3 at 1-3; Dkt. No. 7 at 1-3. But a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331…, counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard*, 523 F.3d at 551.

Here, despite listing a number of federal statutes that, in some other cases, might give rise to federal question jurisdiction, *see* Dkt. No. 7 at 2, Defendants have not shown that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law, *see* Dkt. Nos. 3 & 7. None of the state court papers that Plaintiff filed suggest, much less show, that Plaintiff raised any federal law causes of action, questions, or issues in the state court proceedings. *See* Dkt. No. 8, Ex. 1 at 1-3.

And Defendants' overly broad understanding of federal jurisdiction as extending exclusive jurisdiction to any matter allegedly touching "banking regulations," "securities, commodities, and Federal commerce issues," "stocks, banks, and trusts,"

and the like – and Defendants' belief that Plaintiff's state-court forcible detainer action somehow falls within any such exclusive jurisdiction – are simply incorrect and do not support federal question jurisdiction based on any assertion that any federal statute requires federal jurisdiction in this case or that Plaintiff's state law forcible detainer action is somehow completely preempted by federal law. *See* Dkt. No. 3 at 2, 3; Dkt. No. 7 at 2; *Federal Nat'l Mortg. Ass'n v. Perez*, No. CV 13-01082 MMM (SHx), 2013 WL 1010535, at *3 (C.D. Cal. Mar. 14, 2013) ("With respect to the remaining statutes cited by Perez, e.g., the securities fraud statutes, the [Fair Debt Collection Practices Act], the civil rights statutes, the ESSA and the ARRA, they are neither expressly nor implicitly raised in plaintiff's complaint, and defenses and potential counterclaims will not support federal question jurisdiction."); *JP Morgan Chase Bank Nat'l Ass'n v. Collins*, No. 3:13-cv-334-K-BH, 2013 WL 705134, at *2-3 (N.D. Tex. Jan. 28, 2013) (rejecting similar arguments in support of jurisdiction on removal), *rec. adopted*, 2013 WL 705882 (N.D. Tex. Feb. 26, 2013); *Federal Nat'l Mortg. Ass'n v. Watkins*, No. CV-12-577-PHX-GMS, 2012 WL 983680, at *1 (D. Ariz. Mar. 22, 2012) (holding that "[n]one of the federal statutes or Constitutional provisions cited by Defendants" – including the Real Estate Settlement Procedures Act and the Truth-in-Lending Act – "completely preempt Plaintiff's detainer claim").[1]

---

[1] *See also Bank of Am., N.A. v. Engler*, No. CV 11-01457 MMM (Spx), 2011 WL 5909884, at *4 (C.D. Cal. Nov. 28, 2011) ("Engler also contends that jurisdiction exists due to a confusing array of statutes and legal principles, including that Bank of America or its predecessors made fraudulent conveyances; that the bank's activity 'may implicate the lawyer witness rule;' that the bank has violated the first, ninth, and fourteenth amendments to the United States Constitution, as well as the privileges and immunities clause, and consumer protection and antitrust statutes; and that the bank is liable under 42 U.S.C. § 1983. These conclusory assertions, at best, concern defenses that Engler might raise to the unlawful

-10-

Accordingly, Defendants have failed to satisfy their burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)).

Thus, the undersigned concludes that the Court lacks subject matter jurisdiction over the action. The Court therefore has no jurisdiction to act on Defendants' request for a temporary restraining order, *see* Dkt. No. 3 at 3-4, even if Defendants had properly raised such a request, *see* Dkt. No. 6 at 7.

Although Plaintiff also contends that remand is required because removal of the

---

detainer claim or potential counterclaims. Neither defenses nor counterclaims provide a basis for federal jurisdiction." (footnote omitted)); *Aurora Loan Servs., LLC v. Cromwell*, No. CV 10-09226 MMM (AJWx), 2010 WL 5174782, at *3 (C.D. Cal. Dec. 15, 2010) ("Defendant contends that removal is proper because the district court has original jurisdiction under 12 U.S.C. § 1452, 28 U.S.C. § 1352, 42 U.S.C. § 1985, the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), and the Federal Fair Debt Collection Practices Act (FDCPA). Aurora's complaint does not rely on these federal statutes, however. To the contrary, Aurora states only an unlawful detainer claim, which is entirely a creature of state law, and over which the court does not have original jurisdiction." (footnote omitted)); *Federal Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located ....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."); *Tani v. President/CEO, Salomon Bros. Realty Corp./Citigroup*, No. Civ. CCB-03-2566, 2005 WL 1334604, at *4 n.5 (D. Md. May 31, 2005) (18 U.S.C. § 1006 was "not intended to be used in civil litigation or as a basis for a private right of action.").

case was untimely, this issue is mooted by the undersigned's determination that Defendants removed the case in contravention of the forum-defendant rule and, additionally, that the Court lacks subject matter jurisdiction over the action. The Court therefore need not decide this issue.

Finally, because Defendants' removal was wrongful, Plaintiff seeks its attorneys' fees under 28 U.S.C. § 1447(c). *See* Dkt. No. 8 at 1; Dkt. No. 8-1 at 14. An award of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1447(c) is within the discretion of the trial court. *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). Because Defendants are proceeding *pro se*, the undersigned cannot find that he had no "objectively reasonable grounds to believe the removal was legally proper." *See Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000); *see also Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, at *5 (N.D. Tex. Nov. 16, 2010) (declining to award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se* and proceeding *in forma pauperis*). The undersigned recommends that the Court decline to award Fannie Mae's requested costs, expenses, and attorneys' fees.

**Recommendation**

The undersigned concludes that the removal of the action *Federal National Mortgage Association, a/k/a Fannie Smith v. Smith, et al.*, Case No. 3:13-cv-1091-K-BN, was defective because it contravened 28 U.S.C. § 1441(b)'s forum-defendant rule and, additionally, the Court lacks subject matter jurisdiction over this action. Accordingly, the undersigned recommends granting Plaintiff's Motion to Remand [Dkt.

No. 8] and remanding the action *Federal National Mortgage Association, a/k/a Fannie Mae v. Smith, et al.*, Case No. 3:13-cv-1091-K-BN, to the County Court at Law No. 3, Dallas County, Texas, from which it was removed. The undersigned also recommends denying Plaintiff's Motion for Attorney's Fees [Dkt. No. 8].

    A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 5, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE